IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| NICKIE SCHOELEN,           ) | |
| )  | |
| Plaintiff,           ) | |
| )  | |
| v.           )  | No. 20-cv-3112 |
| )  | |
| GENESIS JANITORIAL           )  | |
| SERVICES, INC.,           )  | |
| )  | |
| Defendant.           )  | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss (d/e 7) filed by Defendant Genesis Janitorial Services, Inc. and the Motion for Leave to Amend (d/e 9) filed by Plaintiff Nickie Schoelen. For the reasons stated below, the Motion to Dismiss is GRANTED in part and DENIED in part. The Motion for Leave to Amend is GRANTED in part and DENIED in part.

**I. INTRODUCTION**

On May 1, 2020, Plaintiff Nickie Schoelen filed this action against Defendant Genesis Janitorial Services, Inc. alleging discrimination and retaliation against Plaintiff based on Plaintiff's

sex, pregnancy, and disability leading to her unlawful termination. See Complaint, d/e 1, p. 1.  On June 30, 2020, Defendant filed a Motion to Dismiss Counts II through IX of Plaintiff's Complaint (d/e 7) arguing that Plaintiff has failed to state claims upon which relief can be granted.  More specifically, Defendant contends that Plaintiff's Title VII sex discrimination claim – Count II – is duplicative of Plaintiff's pregnancy discrimination claim – Count I.  If the claims are separate, Defendant argues that Plaintiff failed to exhaust her administrative remedies for her Title VII – Count II – and Illinois Human Rights Act ("IHRA") – Count VIII – sex discrimination claims.  Also, Defendant argues that Plaintiff's Title VII retaliation claim – Count III – should be dismissed because Plaintiff failed to allege facts that Plaintiff engaged in a protected activity.  Plaintiff's ADA claims, brought in Counts IV and V, should also be dismissed according to Defendant because Plaintiff fails to allege a recognized disability under the ADA.  For the same reason, Defendant seeks dismissal of Plaintiff's IHRA disability claims brought in Counts VII and VIII.  Lastly, Defendant argues that Plaintiff's ADA – Count VI – and IHRA – Count IX – retaliation

claims should be dismissed because Plaintiff cannot prove she was terminated in retaliation for requesting an accommodation.

On July 14, 2021, Plaintiff filed a response in opposition to Defendant's Motion to Dismiss or in the alternative a Motion for Leave to Amend.  See d/e 9.  Plaintiff agrees to dismiss Counts III, VII, and IX.  However, Plaintiff contends that she has sufficiently pled sex-based discrimination claims found in Counts II and VIII.  She also argues that her ADA claims found in Counts IV, V, and VI are well pled.  In the alternative, Plaintiff seeks leave to amend her complaint.  Plaintiff provided a proposed amended complaint, which did not include a separate claim for sex-based discrimination, Title VII retaliation claim, IHRA disability-based discrimination claim, and her IHRA retaliation claim.  See d/e 9-1.

## II. JURISDICTION

This Court has federal question jurisdiction over Counts I through VI because those Counts allege claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*  See 28 U.S.C. § 1331.  The Court has supplemental jurisdiction over Counts VII through IX, which allege state law

claims arising from the same general set of facts. See 28 U.S.C. § 1367(a). Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred within the Central District. 28 U.S.C. § 1391(b)(2).

### III. BACKGROUND

The following facts come from the Complaint and the EEOC Charge of Discrimination and are accepted as true at the motion to dismiss stage. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

Plaintiff is a female and worked for Defendant Genesis Janitorial Services, Inc. in Quincy, Illinois, for four months as a janitor prior to her termination. See Complaint, d/e 1, p. 3. While employed, Plaintiff performed her job requirements satisfactorily. Id. On October 31, 2016, Plaintiff notified her supervisor, Earl Whitney, that Plaintiff was pregnant and that she had received a doctor's note indicating Plaintiff was not allowed to use a scrubber, which is a motorized floor scrubbing machine, due to her pregnancy. Id. Plaintiff requested a reasonable accommodation. Mr. Whitney told Plaintiff that "everything will be fine." Id.

Plaintiff also provided the note to the human resources director, Kelly Jones.  Id.

On November 1, 2016, Mr. Whitney told Plaintiff that Plaintiff would begin training a new male employee, Walter Thompson, on November 2, 2016.  Id.  On November 4, 2016, Plaintiff was terminated from her employment.  Id. at 4.  Plaintiff was told she was being replaced by Mr. Thompson as Plaintiff became a "liability for a miscarriage."  Id.

On December 9, 2016, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Relations ("IDHR") to satisfy "the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on sex, pregnancy, disability[,] and retaliation against Defendant."  See id. at 2.  Plaintiff's EEOC Charge of Discrimination (d/e 7-1) "was filed within three hundred days after the alleged unlawful employment practices occurred."  Id.   The Charge listed Nickie Schoelen and Genesis Janitorial Services.  See d/e 7-1, p. 2.  Plaintiff checked the boxes for sex, retaliation, disability, and "other," after which is typed "Pregnancy."  Id.  Plaintiff wrote the following for the Statement of Harm:

> GJS subjected me to disparate and discriminatory treatment on the basis of my temporary disability, my pregnancy. I informed GJS of my pregnancy and subsequently requested reasonable accommodations. Rather than grant my request for accommodation, GJS terminated my employment. At the time of my termination, I was able to perform all essential functions of my job; therefore, accommodating me would not have caused an undue hardship or burden on the business.

Id. For the Statement of Discrimination, Plaintiff stated, "I believe I have been discrimination against because of my pregnancy, in violation of the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and Pregnancy Discrimination Act (PDA)." Id.

On October 9, 2019, the EEOC issued to Plaintiff a Determination providing that "the evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated against the Charging Party and a class of employees based on their disabilities . . ." and issued a Notice of Right to Sue, Conciliation Failure. See d/e 1, p. 3. On May 1, 2020, Plaintiff filed this action, which was within ninety days of the issuance of the EEOC's Notice. Id.

In this action, Plaintiff brought nine counts against Defendant:

- Count I – Sex, Including Pregnancy Based Discrimination in Violation of Title VII as amended by the Pregnancy Discrimination Act of 1978;

- Count II – Sex Based Discrimination in Violation of Title VII;
- Count III – Retaliation in Violation of Title VII;
- Count IV – Failure to Accommodate in Violation of the ADA;
- Count V – Disability Based Discrimination in Violation of the ADA;
- Count VI – Retaliation in Violation of the ADA;
- Count VII – Disability Based Discrimination in Violation of the IHRA;
- Count VIII – Sex Based Discrimination in Violation of the IHRA;
- Count IX – Retaliation in Violation of the IHRA.

See Complaint, d/e 1.

## IV. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cty. Of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To survive dismissal, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Tamayo, 526 F.3d at 1081 ("A plaintiff's complaint need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis.")(quoting Fed. R. Civ. P. 8(a)(2)). "Factual

allegations are accepted as true at the pleading stage, but allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." Adams v. City of Indianapolis, 742 F.3d 720, 728 (7th Cir. 2014) (internal quotation omitted).  A plausible claim is one that alleges factual content from which the Court can reasonably infer that the defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action.  Id.   The court must draw all inferences in favor of the non-moving party.  In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009).

## V. ANALYSIS

Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), making various arguments why the Complaint should be dismissed.  After Plaintiff responded to the motion to dismiss, the remaining issues are whether Plaintiff's Complaint states claims for failure to accommodate and disability-based discrimination in violation of the ADA and a claim for retaliation in violation of the ADA.

### A. Plaintiff Fails to State a Claim for a Recognized Disability Under the ADA.

Defendant argues that Plaintiff has failed to allege a claim for a recognized disability under the Americans with Disability Act ("ADA"), and, therefore, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

The ADA provides that a covered employer "shall [not] discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  A covered employer "may be liable for disability discrimination if it fails to 'mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee,' unless the employer can show that 'the accommodation would impose an undue hardship on the operation of the [employer's] business.'" Conners v. Wilkie, 984 F.3d 1255, 1260 (7th Cir. 2021) (quoting 42 U.S.C. § 12112(b)(5)(A)).

To succeed on a claim for failure to accommodate an employee's disability, a plaintiff must prove: "(1) the employee was a qualified individual with a disability; (2) the employer was aware of the disability; and (3) the employer failed to reasonably accommodate the disability." Scheidler v. Indiana, 914 F.3d 535, 541 (7th Cir. 2019), reh'g and suggestion for reh'g en banc denied (Mar. 1, 2019). As for a claim of disparate treatment due to disability, a plaintiff must prove: "(1) plaintiff was disabled; (2) plaintiff was qualified to perform essential functions with or without reasonable accommodation; and (3) disability was the 'but for' cause of adverse employment action." Id.

A threshold issue is whether Plaintiff is "disabled" under the ADA. "[T]he inquiry is an individualized one, and must be determined on a case-by-case basis." Roth v. Lutheran Gen. Hosp., 57 F.3d 1446, 1454 (7th Cir. 1995). A person is considered "disabled" if she has "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3)). 42 U.S.C. § 12102(1). The phrase "major life activities" is

defined to include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2).

The issue in this case is whether Plaintiff's pregnancy constituted a disability. Absent pregnancy-related complications or unusual circumstances, pregnancy typically is not considered a disability under the ADA. See Scheidt v. Floor Covering Associates, Inc., 16-CV-5999, 2018 WL 4679582, at *6 (N.D. Ill. Sept. 28, 2018) (collecting cases). After the U.S. Supreme Court decision in Young v. United Parcel Service, Inc., 575 U.S. 206 (2015), the EEOC provided guidance on this issue:

> Changes to the definition of the term "disability" resulting from enactment of the ADA Amendments Act of 2008 (ADAAA) make it much easier for pregnant workers with pregnancy-related impairments to demonstrate that they have disabilities for which they may be entitled to a reasonable accommodation under the ADA. Reasonable accommodations available to pregnant workers with impairments that constitute disabilities might include allowing a pregnant worker to take more frequent breaks, to keep a water bottle at a work station, or to use a stool; altering how job functions are performed; or providing a temporary assignment to a light duty position.
> . . .
> Although pregnancy itself is not an impairment within the meaning of the ADA, and thus is never on its own a

> disability, some pregnant workers may have impairments related to their pregnancies that qualify as disabilities under the ADA, as amended. An impairment's cause is not relevant in determining whether the impairment is a disability. Moreover, under the amended ADA, it is likely that a number of pregnancy-related impairments that impose work-related restrictions will be substantially limiting, even though they are only temporary.

EEOC No. 915.003, EEOC Enforcement Guidance on Pregnancy Discrimination and Related Issues (2015), https://www.eeoc.gov/laws/guidance/enforcement-guidance-pregnancy-discrimination-and-related-issues (last accessed March 30, 2021).

Courts have interpreted the EEOC Guidance as requiring a plaintiff to plead more than the fact that they are pregnant. See Love v. First Transit, Inc., 16-CV-2208, 2017 WL 1022191, at *5 (N.D. Ill. Mar. 16, 2017) ("Thus, where a medical condition arises out of a pregnancy and causes an impairment separate from the symptoms associated with a healthy pregnancy, or significantly intensifies the symptoms associated with a healthy pregnancy, such medical condition may fall within the ADA's definition of a disability."); Compare Scheidt v. Floor Covering Associates, Inc., 16-CV-5999, 2018 WL 4679582, at *7 (N.D. Ill. Sept. 28, 2018)

("Plaintiff has not presented sufficient evidence for a reasonable jury to conclude that her allergy substantially limited her ability to procreate and carry a pregnancy to term, nor has Plaintiff presented sufficient evidence for a reasonable jury to conclude that her allergy substantially limited any other major life activity."); with Heatherly v. Portillo's Hot Dogs, Inc., 958 F. Supp. 2d 913, 921 (N.D. Ill. 2013) (finding that the plaintiff presented sufficient evidence to overcome summary judgment "as to whether her high risk pregnancy rendered her disabled under the ADAAA.").

Here, Plaintiff alleges that she was considered disabled under the ADA "as her pregnancy was such that she required a note from her doctor prohibiting her from using the scrubber while at work." See Response, d/e 9, p. 6. As stated in her Complaint, Plaintiff notified her supervisor, Earl Whitney, that Plaintiff had received a doctor's note indicating Plaintiff could not use the scrubber, which was a motorized floor scrubbing machine, due to her pregnancy. See Complaint, d/e 3, ¶ 20. However, Plaintiff has not pled any factual allegations as to what led to the need for the work restriction over than her pregnancy. If a medical condition or health concern related to pregnancy required the work restriction,

Plaintiff's claim may survive. However, as pled, Plaintiff merely alleges that the pregnancy alone constituted the disability pursuant to the ADA. Therefore, Plaintiff has failed to allege a reasonable inference of a recognized disability under the ADA, which effects Counts IV and V of Plaintiff's Complaint.

However, Plaintiff seeks leave to amend her complaint, and she attached a proposed amended complaint along with her request. See d/e 9, 9-1. Plaintiff did not have the benefit of this Opinion prior to filing the proposed complaint. If Plaintiff has the facts necessary to state a claim consistent with this Opinion, the Court grants Plaintiff leave to file another amended complaint. As such, Counts IV and V of Plaintiff's Complaint are dismissed with leave to refile.

**B. Plaintiff Fails to State a Claim for Retaliation under the ADA.**

Defendant also seeks dismissal of Plaintiff's disability retaliation claim found in Count VI. To succeed on a disability retaliation claim, a plaintiff must prove that "(1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) there is a causal connection between

the two." Guzman v. Brown County, 884 F.3d 633, 642 (7th Cir. 2018).

Defendant argues that Plaintiff has failed to allege a claim for retaliation under the ADA because Plaintiff alleges that she was terminated due to "liability for a miscarriage," not as a result of her request for an accommodation. Plaintiff contends that she requested an accommodation under the ADA, but Defendant failed to engage in the interactive process. Instead, Defendant fired her. Plaintiff pled in her Complaint that she notified her supervisor of her pregnancy, provided the doctor's note to her supervisor and the human resources director, and requested a reasonable accommodation. However, she was terminated and told "she was being replaced by Mr. Thompson as she has become a 'liability for a miscarriage.'" See Complaint, d/e 1, ¶ 24.

Based on the allegations in the Complaint, Plaintiff requested a reasonable accommodation and Defendant failed to engage in the interactive process by terminating Plaintiff. Defendant specifically stated the reason for Plaintiff's termination was due to Plaintiff's pregnancy and possibility of causing a miscarriage. While Plaintiff's ADA claim fails to state a claim, "[e]mployers are forbidden from

retaliating against employees who raise ADA claims regardless of whether the initial claims of discrimination are meritless." Koty v. DuPage County, Illinois, 900 F.3d 515, 519 (7th Cir. 2018) (quoting Dickerson v. Bd. of Trs. of Cmty. Coll. Dist. No. 522, 657 F.3d 595, 601 (7th Cir. 2011)).

Therefore, Plaintiff's claim of retaliation in violation of the ADA found in Count VI sufficiently states a claim for which relief may be granted. Defendant's motion to dismiss on that issue is denied.

### C. The Remaining Claims Are Dismissed.

Defendant argues that Plaintiff's Title VII sex discrimination claim found in Count II is duplicative of Plaintiff's pregnancy discrimination claim found in Count I. If the claims are separate, Defendant argues that Plaintiff failed to exhaust her administrative remedies for her Title VII and Illinois Human Rights Act ("IHRA") sex discrimination claims. Plaintiff argues that she did exhaust her sex discrimination claims, but she agrees to combine Counts I and II. While Plaintiff asks the Court to deny Defendant's motion to dismiss Counts II and VIII, Plaintiff did not address why her IHRA sex discrimination claim should not be dismissed. In fact, Plaintiff filed a proposed amended complaint, and, in the proposed amended

complaint, Plaintiff abandoned her separate claims for sex discrimination found in Count II and Count VIII. Therefore, the Court finds that Plaintiff is abandoning her claims found in Count II and VIII. The Court hereby dismisses without prejudice Counts II and VIII of Plaintiff's Complaint as Plaintiff agrees to such dismissal.

Plaintiff agrees to dismiss her Title VII retaliation claim found in Count III, IHRA disability-based discrimination claim found in Count VII, and IHRA retaliation claim found in Count IX. The Court finds that Plaintiff is abandoning those claims. Therefore, the Court dismisses without prejudice Counts III, VII, and IX.

## VI. CONCLUSION

For the reasons stated, the Motion to Dismiss (d/e 7) filed by Defendant is GRANTED in part and DENIED in part. Plaintiff's Motion for Leave to Amend (d/e 9) is GRANTED in part and DENIED in part. Plaintiff's Motion for Leave to Amend is denied in that Plaintiff's request to file the proposed amended complaint (d/e 9-1) is DENIED. However, Plaintiff is granted leave to file an amended complaint consistent with this opinion and the deadline stated below.

**IT IS THEREFORE ORDERED THAT:**

(1) Counts II, III, VII, VIII, and IX are hereby DISMISSED without prejudice.

(2) Counts IV and V are dismissed with leave to refile.

(3) Plaintiff is granted leave to file an amended complaint by April 21, 2021.  Defendant has until May 12, 2021, to file a response to Plaintiff's amended complaint.

**ENTERED: March 31, 2021**

**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE**